CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 2 3 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES FELTON,<br>    Petitioner, | Case No. 7:04cv00737 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Jackson L. Kiser<br>Senior United States District Judge |

Petitioner James Felton, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner challenges the sufficiency of the evidence and makes allegations that trial counsel was ineffective. Additionally, petitioner argues that his petition is timely under Castro v. United States of America, 540 U.S. 375 (2003), and should be considered on the merits. The respondent has filed a response and a motion to dismiss petitioner's motion.

After a through review of the record, I find that even assuming this court improperly construed petitioner's 1996 and 1997 motions and dismissed petitioner 1998 petition, petitioner's remedy was to appeal those decisions. Furthermore, as petitioner has previously filed a petition which collaterally attacked his conviction, I find that this petition must be dismissed as successive pursuant to 28 U.S.C.§ 2255.

I.  **Procedural History and Current Claims**

On May 12, 1994, petitioner was convicted on eight drug and weapons charges. He was sentenced on August 10, 1994 to serve 270 months. Felton appealed his conviction to the United States Court of Appeals for the Fourth Circuit; his conviction was affirmed on March 19, 1996. Thereafter, petitioner filed a writ for certiorari in the United States Supreme Court; it was denied

October 7, 1996.

On May 20, 1996, while his writ was pending before the United States Supreme Court, the petitioner filed a "Motion to Modify His Sentence." The District Court construed this as a motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255. In that petition, Felton challenged only the sufficiency of the evidence as to the firearm convictions. On January 22, 1997 the court denied his petition on the merits. Felton appealed the District Court's decision, but his appeal was dismissed and his motion for a certificate of appealability was denied on January 27, 1998.

On April 27, 1997, while Felton's appeal of his first habeas petition was pending, he filed a second motion entitled a "Motion for Modification of Sentence" in which he raised claims regarding ineffective assistance of counsel during both the trial and sentencing phases of his conviction. Petitioner's motion was considered under both 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255. The court found that petitioner was not entitled to relief pursuant to 18 U.S.C. § 3582(c) and dismissed those claims. Additionally, the court found that as plaintiff had filed a previous motion under 28 U.S.C. § 2255, any attempt to now raise those or any other claims under § 2255 would be precluded by the Anti-Terrorism and Effective Death Penalty Act as a second or successive motion for relief. Accordingly, the entire petition was dismissed.

Thereafter, on June 12, 1998, petitioner filed a third motion which attempted to collaterally attack his conviction; however, he argued that petition as a motion brought pursuant to 28 U.S.C. § 2241. The District Court found that petitioner was not entitled relief under § 2241. Accordingly, the court construed the petition as a motion under 28 U.S.C. § 2255 and dismissed it as successive. Felton did not appeal the District Court's decision.

On November 16, 2004 petitioner filed the instant petition, which the court construes as

Case 7:04-cv-00737-JLK-mfu   Document 13   Filed 09/23/05   Page 2 of 6   Pageid#: 118

raising the following ground for relief: Petitioner was denied effective assistance of counsel because during both the trial and sentencing phase of his conviction, counsel failed to raise any challenge regarding petitioner's indictment for cocaine, but conviction for crack cocaine. Additionally, petitioner argues that under the decision in Castro, this petition should be deemed timely and addressed on the merits.

## II. Analysis

Petitioner claims that under Castro, because the court failed to warn him that his first motion, filed in 1996, would be construed as petition for relief pursuant to 28 U.S.C. § 2255, his later petitions should not have been dismissed as successive.

In Castro, the United States Supreme Court found that when a district court recharacterizes a pro se litigant's motion as the litigant's first § 2255, without first informing the litigant of the intent to recharacterize and warning the litigant that any subsequent § 2255 motions will be subject to the restrictions on subsequent or successive petitions, that "motion will not count as a § 2255 motion for purposes of applying the § 2255's 'second or successive' provision." 540 U.S. at 383. As admitted by the respondent, petitioner did not receive such a warning before his first motion was recharacterized and thus, that motion should not have been considered as his first habeas petition under § 2255. However, respondent then claims that this petition should therefore be considered petitioner's first § 2255 and be denied as untimely.

I agree that petitioner's 1996 motion should not 'count' as a first § 2255. In Castro, the Supreme Court concluded that its "'supervisory power' determinations normally apply, like other judicial decisions, retroactively, at least to the case in which the determination was made." Id.

-3-

Although the Fourth Circuit has not spoke directly as to the retroactivity of the Castro doctrine, it has extended the application of that rule retroactively. See United States v. Deleston, 116 Fed.Appx 454 (2004)(finding that under Castro, the district court erred in 2002 when it construed petitioner's filing as a motion under 28 U.S.C. § 2255 and denied it on the merits without first warning petitioner of the consequences of recharacterization and providing him with an opportunity to withdraw). Additionally, prior to the decision in Castro, the Fourth Circuit adopted a nearly identical stance on the issue of recharacterization. See United States v. Emmanuel, 288 F.3d 644 (2002)(holding that if a prisoner files a motion that is not denominated as a motion to vacate and the court opts to convert it into petitioner's first motion to vacate, it must first notify the petitioner of the court's intent to recharacterize the motion, of the restrictions on second or successive petitions, the one year statute of limitations and the dates on which petitioner's one year period will be based, and must then give a reasonable amount of time in which to allow petitioner to respond to the court's recharacterization). Again, although not speaking directly as to the retroactive application of those rules, the court has extended that doctrine retroactively. See, e.g., United States v. Jackson, 302 F. Supp.2d 621 (4th Cir. 2004)(finding that the sua sponte recharacterization of petitioner's 1996 motion for reduction and modification of sentence as a motion for relief pursuant to 28 U.S.C. § 2255 was improper). Accordingly, it is clear that under both Castro and Emmanuel, the district court erred in 1996 when it failed to warn Felton of the consequences of the recharacterization of his motion. Therefore, the 1996 motion should not be considered a 'first' petition under § 2255.

Respondent and petitioner both argue that if the 1996 petition does not count as a 'first' motion under § 2255, then this is petitioner's first § 2255 motion. I disagree. Petitioner filed a collateral attack on his conviction in 1998 pursuant to 28 U.S.C. § 2241. In that petition, Felton

Case 7:04-cv-00737-JLK-mfu Document 13 Filed 09/23/05 Page 4 of 6 Pageid#: 120

directly attacked his conviction and raised issues as to evidence admitted at trial and ineffective assistance of counsel. The district court found that Felton was not entitled to relief under § 2241, and therefore construed his petition as a motion under § 2255 and dismissed it as successive. Petitioner did not appeal the district court's ruling. In that petition, Felton himself argued and labeled the motion as a habeas petition. It is immaterial that petitioner argued that he was entitled to relief under § 2241, rather than § 2255. Under both statutes, a petitioner is challenging the validity of his incarceration. Thus, in filing the 1998 petition it is clear that Felton realized that he was attempting to collaterally attack his conviction, and as a pro se litigant's labeling of pleadings is not determinative of how they are construed by the court, petitioner cannot now be permitted to claim such a petition should not be considered a first petition under 28 U.S.C. § 2255. See Pressly v. Gregory, 831 F.2d 514, 518 (4th Cir. 1987).

Furthermore, to the extent petitioner argues that as the rights afforded under Castro were not available when his 1997 motion and 1998 petition were dismissed, and therefore that he had no basis on which to appeal the district court's determination that the petitions were successive, this argument is likewise unavailing. Generally, a writ of habeas corpus is an extraordinary remedy and cannot be used to raise a claim which could have been raised on appeal. Reed v. Farley, 512 U.S. 339, 354 (1994). As applied when considering a subsequent habeas petition, a petitioner cannot be permitted to pursue a second or successive habeas petition which brings claims raised in a previous habeas petition which was denied or dismissed, when the basis for denial or dismissal could have been argued on appeal. Here, Felton could have appealed the district court's decision in 1998 to dismiss his petition as successive under § 2255. As he failed to appeal that decision, he is now attempting to obtain habeas review of the same claims which were raised in the 1998 petition when the claims

Case 7:04-cv-00737-JLK-mfu Document 13 Filed 09/23/05 Page 5 of 6 Pageid#: 121

raised in that petition and the basis for dismissing that petition could have been addressed on appeal. Felton essentially sat on his rights, thus he cannot now claim that he should be allowed to have a second chance to argue the same issues raised in his previous petitions.

Accordingly, even if this court misconstrued both petitioner's 1996 and 1997 motions and should have addressed his 1998 petition on the merits, petitioner's remedy was to appeal those decisions. In any event, as petitioner filed another collateral attack on his sentence in 1998, petitioner's current § 2255 motion is a second or subsequent one, falling under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under these amendments, this court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255, ¶8. Petitioner has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, accordingly I will dismiss this petition as successive.

### III. Conclusion

Based on the foregoing, I will grant the respondent's motion to dismiss. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 is hereby dismissed with prejudice as successive.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to all parties.

ENTER: This 23rd day of September, 2005.

Senior United States District Judge

-6-

Case 7:04-cv-00737-JLK-mfu   Document 13   Filed 09/23/05   Page 6 of 6   Pageid#: 122